PHILIP CAREY ROOFING & MANUFACTURING CO. *v.* BLACK.

(*Nashville.* December Term, 1913.)

1. **MASTER AND SERVANT.** Injuries to servant. Defective
ladder. Simple tool. Assumed risk.

Where plaintiff was injured by the breaking of a section of a
ladder used to reach the roof of a house, such ladder as so
used was a simple tool, the defective character of which was
a risk which the servant ordinarily was required to assume
as incident to his employment. (*Post, pp.* 32, 33.)

Case cited and approved: Sivley v. Nixon Mining & Drill Co.,
128 Tenn., 675.

2. **MASTER AND SERVANT.** Injuries to servant. Defective
ladder. Master's knowledge of defect. Effect.

Where defendant's superintendent had been notified of a defect
in a ladder, by the subsequent breaking of which plaintiff was
injured, but notwithstanding such notification the superinten-
dent insisted that the ladder was safe, defendant would be
liable for plaintiff's injury while using the ladder without
notice of the defect, which was not of such a nature as to be
discoverable by observation which would naturally accompany
its use. (*Post, p.* 34.)

Cases cited and approved: Guthrie v. Railroad, 79 Tenn., 372;
Stork v. Charles Stolper Cooperage Co., 127 Wis., 318; Mercer
v. Atlantic Coast Line R. Co., 154 N. C. 399.

3. **MASTER AND SERVANT.** Injuries to servant. Tools.
Duty to furnish. Inspection.

Although the master is not required to inspect simple tools, previ-
ously furnished to the employee, to discover defects of which
the employee using such implements should be aware, and
although generally no inspection of a simple tool may be neces-
sary at the time it is delivered to an employee, yet if the
master furnishes such a tool, with a dangerous defect of which
he has actual knowledge, he is negligent. (*Post, p.* 35.)

Roofing & Mfg. Co. v. Black.

4. **MASTER AND SERVANT.** Injuries to servant. Descending ladder. Contributory negligence.

A servant, who was injured by the breaking of a defective ladder, was not negligent as a matter of law because he descended the ladder with his back to the ladder, instead of backwards, which would have been more safe, under the rule that where an employee has two methods of doing his work, one of which is safe and the other dangerous, he is negligent if he adopts the dangerous method and is injured. (*Post, pp. 35, 36.*)

5. **NEGLIGENCE.** Contributory negligence. Questions for court or jury.

Questions of negligence and contributory negligence are ordinarily for the jury, though the facts are undisputed, if intelligent minds may draw different conclusions as to whether, under the circumstances conceded, plaintiff's conduct has been that of an ordinary prudent man. (*Post, pp. 36, 37.*)

Cases cited and approved: Traction Co. v. Carroll, 113 Tenn., 514; Traction Co. v. Brown, 115 Tenn., 323; Cummings v. Wichita R., etc., Co., 68 Kan., 218; Vindicator Consol. Gold Min. Co. v. Firstbrook, 36 Colo., 498; Merchants' Ice Co. v. Bargholt, 129 Ky., 60; Burch v. Sou. Pacific Co., 32 Nev., 75.

6. **MASTER AND SERVANT.** Injuries to servant. Request to charge.

Where plaintiff was injured by the breaking of a defective ladder, and defendant claimed that the ladder was a simple tool the defective character of which was a risk that plaintiff assumed, it was error to refuse requests submitting the doctrine of simple tools. (*Post, pp. 37, 38.*)

---

### FROM DAVIDSON.

---

Appeal from Circuit Court, Davidson County,— M. H. MEEKS, Judge.

THOMAS H. MALONE and LARKIN E. CROUCH, for appellant.

PARKS & BELL and R. B. C. HOWELL, for appellee.

MR. JUSTICE GREEN delivered the opinion of the
Court.

The defendant in error, Black, brought this suit to
recover damages for injuries alleged to have been sus-
tained by him while he was in the employ of the plain-
tiff in error. He was foreman of a painter's crew,
and when descending a ladder from the roof of a house
on which he was at work, one of the rounds broke and
he had a fall, as the result of which he sues.

There was a judgment in his favor for $700 in the
court below, which was affirmed by the court of civil
appeals. The case is before us on writ of *certiorari*,
granted, to the action of the latter court.

A motion for peremptory instructions in its favor
was made by the defendant below, which was overruled
by the trial court. It is with reference to this action
of the trial court that the principal controversy has
been waged in this court and in the court of civil ap-
peals.

The first ground upon which the motion is predicated
is that a ladder, such as the one used by defendant in
error, is a simple tool, and it is insisted that defend-
ant in error assumed the risk of its use, and the master
owed him no duty of inspection in regard to the same.

The ladder which broke seems to have been a por-
tion of a sectional ladder. There was nothing compli-
cated about it, and only this particular section was in
use when defendant in error had his fall. Such a lad-
der so used is a simple tool, and a servant ordinarily
does assume any risk incident to its employment. We

have expressly so held in the late case of *Harry Sivley* v. *Nixon Mining & Drill Co.*, Knoxville, 128 Tenn., 675, 165 S. W., —, 1913.

It was said in this case that: ''An ordinary ladder falls within the class of simple tools, in respect of a defect in which the employer is held not liable on the ground that a defect in such a simple tool must be obvious to its user by whom any risk of danger therefrom must be held to be assumed.''

In the case under consideration, however, proof was introduced by plaintiff below tending to show that the superintendent of plaintiff in error had been notified of a defect in this ladder by another foreman who had formerly used it. This foreman testifies he discovered that the ladder was defective, and refused to employ it in his work, that he was questioned by the superintendent as to why he put it aside, and that he (the foreman) then called the attention of the superintendent to the defects. The foreman testifies, further, that the superintendent differed from him as to the condition of the ladder, and insisted that it was safe. All this happened a short while before plaintiff below sustained his fall.

This proof takes the case out of the authority of *Silvey* v. *Nixon Mining & Drill Co.*, supra, in so far as peremptory instructions are concerned.

The general principle is that a master is bound to inspect tools or appliances furnished by him to his workmen, and to keep them in sufficient repair. If, however, the tools or appliances are common or sim-

ple tools, there is an exception to this general rule. The presumption in such cases is that the servant is equally conversant with the nature of such simple or common tools, and is in as good a position as the master to discover any defects therein.

The master's opportunities for learning of a fault in a tool of this kind are no better than the opportunities of the servant. By reason of the character of such an implement, no superiority of knowledge on the part of the master exists, or can be presumed, as to defects therein. The foundation of the simple tool doctrine is the assumption that the knowledge of the master and servant must be equal.

Such a presumption cannot be indulged where the master has actual notice of a defect, where the proof shows his knowledge is superior. If the master is, as a matter of fact, cognizant that a tool with which he furnishes an employee is in such a condition as to render it use by the employee dangerous to the latter, he will be liable for an injury sustained by the employee in the use of such an implement, where the defect is not known to the employee, and is not of such a nature as to be discovered by that observation which would naturally accompany its use. *Guthrie* v. *Railroad,* 11 Lea, 372, 47 Am. Rep., 286; *Stork* v. *Charles Stolper Cooperage Co.,* 127 Wis., 318, 106 N. W., 841, 7 Ann. Cas., 339; *Mercer* v. *Atlantic Coast Line R. Co.,* 154 N. C., 399, 70 S. E., 742, Ann. Cas. 1912A, 1002.

In the latter case it is apparently held that the duty of a master to exercise ordinary care to furnish rea-

Roofing & Mfg. Co. v. Black.

sonably proper tools to his servants applies to simple, as well as to complicated tools, and the rule is relaxed only as to the duty of inspection thereafter.  See, however, cases in note following report of this decision in Ann. Cas. 1912A, 1002-1004.

Although the master is not required to inspect simple tools, previously furnished to the employee, to discover defects of which the employee using such implements should be aware, and although generally no inspection of a simple tool may be necessary at the time it is delivered to an employee, yet if the master furnishes such a tool, with a dangerous defect of which he has actual knowledge, he is negligent.  He should not be permitted to expose the servant to such a risk, particularly if the defect is of such a character that it might be overlooked by the servant.  There is testimony in this record that the defective condition of the round of the ladder which broke was not readily discoverable.

For the reasons above stated the trial judge properly overruled the first ground of the motion to direct a verdict.

It is next urged that the injuries of the defendant in error were sustained as a result of his contributory negligence.  It is said that he was descending this ladder at the time he fell, face foremost; that in this way, he put all his weight on the rounds of the ladder, and was not in a position to hold to the sides of the ladder with his hands when the round broke, as he would have been if he had come down backwards.

It is urged that when an employee has two methods in which to do his work, one of which is safe and the other dangerous, he cannot hold the master liable when he adopts the latter method and is injured. This is a correct principle; but, in the absence of proof, the court is not willing to say, as a matter of law, that the defendant in error was guilty of such contributory negligence in descending the ladder in the manner he did as to bar his recovery.

It is insisted that the proper use of a ladder is of common knowledge, and that the court should view the act of defendant in error as it would the act of a person who jumps from a moving train, and hold him guilty of contributory negligence without proof. We think, however, there might be some reasonable difference of opinion as to the proper manner in which workmen may use a ladder. They frequently ascend and descend with material and tools in their hands, without holding, and are expected so to do. While we know it would have been safer for defendant in error to have descended this ladder backwards, with his hands on the rails, yet we would not be justified, upon our own knowledge, in imputing such negligence to him on account of the manner of his descent, under the facts and circumstances of this case, as to defeat his action.

The question of contributory negligence, as well as the question of negligence, is ordinarily for the jury. Even though the facts be undisputed, if intelligent minds might draw different conclusions as to whether,

under circumstances conceded, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. The court should draw no inference when in doubt, but only in those cases where the evidence is without material conflict, and such that all reasonable men must reach the same conclusion therefrom. It is only in cases where the evidence is susceptible of no other fair inference that the court is justified in instructing the jury, as a matter of law, that the plaintiff has been guilty of contributory negligence which would bar his recovery. *Traction Co.* v. *Carroll,* 113 Tenn., 514, 82 S. W., 313; *Traction Co.* v. *Brown,* 115 Tenn., 323, 89 S. W., 319; *Cummings* v. *Wichita R., etc., Co.,* 68 Kan., 218, 74 Pac., 1104, 1 Ann. Cas., 708; *Vindicator Consol. Gold Min. Co.* v. *Firstbrook,* 36 Colo., 498, 86 Pac., 313, 10 Ann. Cas., 1108; *Merchants' Ice Co.* v. *Bargholt,* 129 Ky., 60, 110 S. W., 364, 16 Ann. Cas., 965; *Burch* v. *Sou. Pacific Co.,* 32 Nev., 75, 104 Pac., 225, Ann. Cas., 1912B, 1166.

We must decline, therefore, to say that the defendant in error as a matter of law was guilty of such contributory negligence as to defeat his suit. This question should have been left to the jury under a proper charge.

The defendant below offered several requests presenting its theory as to the use of simple tools, and as to the contributory negligence of the plaintiff there. These requests were refused by the circuit judge. While, for reasons stated above, a verdict should not

have been directed, the doctrine of simple tools should have been charged, with the qualifications herein indicated. His honor did not charge the doctrine of simple tools at all, and his charge upon contributory negligence was quite meager; the theory of plaintiff in error was not fairly submitted, and the whole case went to the jury under a charge insufficiently stating the rules of law applicable thereto.

The case will accordingly be reversed, for errors in the charge, and remanded for another trial.