G. G. CRAWFORD *v.* NASHVILLE, C. & ST. L. RY.[*]

*(Nashville.* December Term, 1925.)

*1.* **STATUTES.**

The court cannot hold an act valid in part unless it can see that such part would have been enacted irrespective of the invalid part. (*Post, pp.* 644, 645.)

Acts cited and construed: Acts 1917, ch. 36.

Cases cited and approved: Spicer v. King Bros., 136 Tenn., 408; State v. Cumberland Club, 136 Tenn., 84; Heymann v. Hamilton Nat. Bank, 151 Tenn., 21.

Code cited and construed: Sec. 1574, subsecs. 3, 4 (S.).

Constitution cited and construed: Art. 2, sec. 17.

2. **STATUTES.**

Title of act may be as broad and general as legislature may prefer, and, if legislation is germane to general subject, Constitution, article 2, section 17, is not violated. (*Post, p.* 645.)

Acts cited and construed: Acts 1917, ch. 36.

Constitution cited and construed: Art. 2, sec. 17.

3. **STATUTES.**

Title of Pub. Acts 1917, chapter 36, making it misdemeanor for automobile drivers to cross railroad crossings without coming to full stop, does not confine legislation to any particular limit, and, under Constitution, article 2, section 17, there is no requirement that it shall completely fill title. (*Post, pp.* 645, 646.)

---

[*]Contributory negligence of guest injured while riding in automobile, see notes in 20 A. L. R., 1026; 26 A. L. R., 1428.

Personal care required of one riding in automobile driven by another, see notes in 18 A. L. R., 356; 22 A. L. R., 1301.

Cases cited and approved: State v. Schlitz Brewing Co., 104 Tenn., 715; Kelly v. State, 123 Tenn., 528; Railroad v. Pugh, 97 Tenn., 624; Railroad v. Smith, 77 Tenn., 470; Railroad v. Foster, 88 Tenn, 671; Railroad v. Binkley, 127 Tenn., 77; Chattanooga Station Co. v. Harper, 138 Tenn., 562.

Code cited and construed: Sec. 1574(S.).

4. **STATUTES.**

Pub. Acts 1917, chapter 36, making it misdemeanor for automobile drivers to cross railroad crossings without coming to full stop, *held* not in violation of Constitution, article 2, section 17, because as containing proviso in section 3 saving common-law right of action not embraced in caption. (*Post, p.* 646.)

Constitution cited and construed: Art. 2, sec. 17.

5. **CONSTITUTIONAL LAW.**

Court must adopt view that will save constitutionality of statute, where one view, if adopted, would annul it, and other sustain it. (*Post, pp.* 646, 647.)

6. **RAILROADS.**

Guest in automobile must exercise ordinary care for own safety, and failure, if proximate cause of collision with train, will bar recovery for injuries. (*Post, p.* 647.)

7. **NEGLIGENCE.**

Automobile driver's violation of Pub. Acts 1917, chapter 36, requiring full stop at railroad crossing, may not be imputed to guest. (*Post, pp.* 647-648.)

---

FROM BEDFORD.

---

Appeal from the Circuit Court of Bedford County.— HON. JOHN E. RICHARDSON, Judge.

DAVIS & COSTEN, COOPER & COOPER, B. D. KINGREE, and W. H. POE, for appellant.

THOS. N. GREER, FRANK SLEMONS, WM. WALLER, and FITZGERALD HALL, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff's intestate, Mrs. Lula Ridley Crawford, while riding on the rear seat in the automobile of J. H. Armstrong, was killed in a collision with a train of the defendant railway on a public crossing at the station in Bell Buckle. The suit is grounded (1) upon the railway's nonobservance of subsections 3 and 4 of section 1574, Shannon's Code; (2) upon common-law negligence.

Upon issues submitted under both counts of the declaration, the jury reported a verdict for the defendant. Plaintiff appealed and has assigned a number of errors. Discussion is limited to the second and third assignments of error. These assignments relate to the action of the trial judge in holding that nonobservance of chapter 36, Acts of 1917, by the driver of an automobile was negligence *per se,* and, if the proximate cause of the collision in which Mrs. Crawford was killed, it would bar a recovery in this action by her administrator.

The trial judge was of opinion that section 3 of the act contained matter not embraced in the caption, and was void and should be elided, but that the remainder of the act was valid and enforceable. If section 3 of the act is beyond the caption, the entire act would be void, because contrary to article 2, section 17, of the Constitution. It cannot be saved by elision of section 3, for,

as said in *Spicer* v. *King Bros.*, 136 Tenn., 408, 189 S. W., 865, it cannot be seen that the legislature would have enacted the law with section 3 excluded. See *State* v. *Cumberland Club*, 136 Tenn., 84, 188 S. W., 583, and *Heymann* v. *Hamilton Nat. Bank*, 151 Tenn., 21, 266 S. W., 1043.

The title of an act may be as broad and general as the legislature may prefer, and, if the legislation under it is germane to the general subject, article 2, section 17, is not violated. The title of chapter 36, Acts of 1917, declares the general subject and the purpose to denounce as a misdemeanor, punishable by fine, the conduct of automobile drivers passing on highways over railroad grade crossings, without first coming to a full stop between ten and fifty feet from the near rail.

This general title does not confine the legislation to any particular limit. Under article 2, section 17, of the Constitution, the enactment that follows could not go beyond the limits of the title, but, on the other hand, there is no requirement that it shall completely fill the title. A proviso may carve exceptions and exclusions out of the enacting clause. The general title of this act admits the exception stated in section 3, which is germane to the legislative purpose expressed in the caption, and it was not essential that the title refer to the exception. *State* v. *Schlitz Brewing Co.*, 104 Tenn., 715, 59 S. W., 1033, 78 Am. St. Rep., 941; Black on Interpretation of Laws, 275, 281; *Kelly* v. *State*, 123 Tenn., 528, 542, 132 S. W., 193.

When the act was passed, in all actions founded upon nonobservance of section 1574 of Shannon's Code, the negligence of the injured party, though the proximate

cause of an accident, did not bar a recovery, but could only be invoked in abatement of damages. *Railroad* v. *Pugh,* 97 Tenn., 624, 37 S. W., 555. In all actions founded upon the common-law negligence, proximate contributory negligence barred a recovery. *Railroad* v. *Smith,* 9 Lea, 470; *Railroad* v. *Foster,* 88 Tenn., 671, 13 S. W., 694, 14 S. W., 428; *Railroad* v. *Binkley,* 127 Tenn., 77, 153 S. W., 59; *Chattanooga Station Co.* v. *Harper,* 138 Tenn., 562, 199 S. W., 394.

It was also the rule to impute negligence from the violation of a penal statute, and generally the courts held the failure to observe such a statute negligence *per se,* and to bar recovery in actions founded upon the common law. Thompson on Neg. (2d Ed.), sections 10, 204, 420. So as to leave the matter of proximate contributory negligence, in actions founded on the common law, open to proof, the legislature amended the act (Senate Journal 40) by adding section 3 declaratory of the purpose to avoid the inference that would otherwise attend a violation of the statute; that is to say, the legislature considered that under existing law negligence of the plaintiff did not absolutely bar recovery for injuries caused by the railroad's failure to observe the statutory precautions, but would do so in common-law actions, and by adding section 3 sought to strictly confine this application of the act to its penal force, excluding the inference of negligence *per se.* Any other construction would render the act void in violation of article 2, section 17, of the Constitution.

Adopting the view that the intention of the legislature was as stated, the act can stand. It is the duty of the court to adopt that view which will save the consti-

tutionality of a statute, where one view, if adopted, would annul it, and the other sustain it. Black, Const., section 391.

The trial judge correctly charged the jury concerning the duty of Mrs. Crawford, the invited guest of Armstrong, to look, listen, and exercise ordinary care for her own safety as they approached the crossing, and that her failure to discharge that duty, if the proximate cause of the accident, would bar recovery under the common-law count of the declaration; and that the negligence of Armstrong, not participated in by Mrs. Crawford, even though the proximate cause of the injury, could not be imputed to her and invoked by the defendant to defeat a recovery for her death, if caused by the negligence of the defendant or the joint negligence of the defendant and Armstrong.

Mrs. Crawford was not driving the automobile, and Armstrong's violation of the statute could not be imputed to her and invoked as a defense in an action for her death in an accident caused by an omission of duty by the defendant railway. It was therefore error for the trial judge to charge defendant's request as follows:

"If you find that the defendant railroad company was negligent in placing its cars upon the side track next to the freight depot, and you further find that the driver of the automobile, Mr. James H. Armstrong, did not stop the automobile within not less than ten nor more than fifty feet from the nearest rail before crossing the track, and you further find that his failure to stop said automobile within not less than ten nor more than fifty feet of the track was the sole cause of the collision and acci-

dent, then I charge you there can be no recovery against the railroad company in this case.

"And this reminds me that the court omitted in the main charge to charge a statute of the State that is applicable in this case. The law of the State required that drivers of automobiles shall stop their cars not less than ten nor more than fifty feet from the nearest rail of the tracks at the crossing. A failure to do this is a misdemeanor, so declared by this statute, and this of itself is under the law negligence, and, being negligence, and the evidence in this case being uncontroverted that the driver of the automobile, Armstrong, came upon this crossing without stopping his car not less than ten nor more than fifty feet he was guilty of negligence, committing there a misdemeanor according to this statute. Now if you find that this, his said act, which the law says is negligence, if you find that this was the sole proximate cause of this injury, then there could be no recovery against this defendant, but, if his act, concurring with the negligence of the defendant, the two concurring together, and both being negligent, constituted the proximate cause, and Mrs. Crawford was not guilty of contributory negligence, then there might be a recovery notwithstanding the fact that this suit is not against Armstrong with the railroad."

We do not discuss the facts, because the case must be reversed and remanded for the error indicated.