MRS. JOSEPH M. DEDMAN *et al. v.* MRS. ELIZABETH FARISS DEDMAN.[*]

(*Nashville.* December Term, 1926.)

Opinion filed, March 12, 1927.

1. **AUTOMOBILE. Personal injury. Guest. Master and servant.**
In order to escape responsibility for the negligence of his servant on the theory that the servant has been loaned, the original master must resign full control of the servant for the time being. It is not sufficient that the servant is partially under the control of a third person. (Post, p. 245.)
**Citing:** Chamberlain v. Lee, 148 Tenn., 637.

2. **SAME. Same. Same. Same.**
One riding in an automobile as a guest cannot rely upon the care and negligence of the driver to an extent of relieving himself from the exercise of reasonable precautions for his own safety. This obligation is personal and continuing. (Post, p. 246.)
**Citing:** Stem v. Interurban Ry., 142 Tenn., 494.

3. **SAME. Same. Same.**
A guest, although not driving the car, must exercise due care for his own safety. (Post, p. 246.)
**Citing:** Hurt v. Y. & M. B. R. Co., 140 Tenn., 623.

4. **SAME. Same. Same. Negligence.**
If an adult, while riding in a car driven by another, sees, or ought by due diligence to see, that the driver is not taking proper pre-

*On contributory negligence of passenger riding in automobile driven by another precluding recovery against third person for injury, see annotation in L. R. A., 1915B, 953.

Personal care required of one riding in automobile driven by another as affecting his right to recover against third person, see annotation in 18 A. L. R., 309; 24 A. L. R. 1924; 41 A. L. R., 767; 2 R. C. L., 1207; 1 R. C. L. Supp., 743; 4 R. C. L. Supp., 159; 5 R. C. L. Supp., 148; 6 R. C. L. Supp., 140.
155 Tenn.—16.

caution, it is the duty of the passenger, or guest, to remonstrate, or give some warning of danger, and failure to do so is negligence. (Post, p. 246.)

Citing: Knoxville Railway & Light Co. v. Van Gilder, 132 Tenn., 489; Tennessee Central R. Co. v. Van Hoy, 143 Tenn., 312.

5. SAME. Same. Same. Contributory negligence.

The matter of a guest's contributory negigence in permitting the reckless driving of a car, the use of which, and services of chauffeur, were proffered and accepted by plaintiff and companion, from defendant not present when injury was sustained by plaintiff, is a question of fact, for the jury to determine; whether defendant had given up entire control over the chauffeur or only partially transferred control for the occasion. The liability for the accident to be determined by ascertaining whose servant the chauffeur was at the time thereof. (Post, p. 247.)

Citing: Roofing & Mfg. Co. v. Black, 129, Tenn., 30; Huddy on Automobiles, sec. 823; Berry on Automobiles (3 Ed.), sec. 502; Blakemore's Ed. of Babbitt on the Law Applied to Motor Vehicles (3 Ed.) sec. 1622.

Citing and distinguishing: Wagenbauer v. Schweinn (Pa.), 121 Atl., 699; Neglo v. Jones (Kan.), 222 Pac., 116.

---

*Headnotes 1. Motor Vehicles, 28 Cyc., p. 49 (Anno); 2. Motor Vehicles, 28 Cyc., p. 37; 3. Motor Vehicles, 28 Cyc., p. 37; 4. Motor Vehicles, 28 Cyc., p. 49.

---

FROM MAURY.

---

Appeal from the Circuit Court of Maury County, to Court of Appeals and by *certiorari* to Supreme Court.— HON. W. B. TURNER, Judge.

W. M. HALL, CHAS. L. NEELY and J. S. COFFEY, for Mrs. Jos. M. Dedman.

J. C. EGGLESTON, C. F. HATCH and J. P. GARNER, for Jas. H. Porter.

SAM HOLDING and E. W. CARMACK, for Mrs. Elizabeth Fariss Dedman.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Mrs. Elizabeth Fariss Dedman, hereafter called plaintiff, sued Mrs. Joseph M. Dedman, hereafter called defendant, to recover damages for personal injuries sustained by the plaintiff while riding in an automobile belonging to defendant and operated by a chauffeur in the employ of defendant. There was a judgment in favor of plaintiff in the trial court, which was affirmed by the Court of Appeals, and the case has been heard here on *certiorari* to the latter court.

The parties lived in Columbia, Tennessee, about forty miles from Nashville. The plaintiff is the wife of defendant's son. The defendant had a daughter, Mrs. Henry Moore, also living in Columbia. Shortly before Christmas, 1924, Mrs. Moore had arranged to make a shopping trip to Nashville with some lady friends. It was Mrs. Moore's intention to go to Nashville on the bus and spend the day. The defendant had been ill and before leaving for Nashville, Mrs. Moore called to find out what her mother's condition was and informed her father who answered the telephone that it was her intention to go to Nashville that day if her mother was well enough for her to leave. Mr. Dedman communicated this information to his wife, the defendant, and the latter at once objected to Mrs. Moore and her friends making the trip on the bus. About this time the plaintiff dropped in to ask about defendant, her mother-in-law, and defendant told plaintiff to call up Mrs. Moore and say that defendant desired that Mrs. Moore make

the trip to Nashville in Mrs. Dedman's automobile. Defendant also suggested that it would be a good opportunity for plaintiff to go to Nashville and do Christmas shopping, and suggested that plaintiff join the party. All the ladies agreed to this arrangement and the defendant directed her chauffeur to get out her car and take the party to Nashville.

Mrs. Moore asked two other ladies in Columbia to make the trip and they accepted the invitation. The party then started out in defendant's large closed car. The chauffeur and the plaintiff sat on the front seat. The other three ladies sat on the rear seat. They proceeded about eighteen miles along the highway toward Nashville, when in passing through the village of Thompson Station, the Dedman car collided with another car at a road crossing and plaintiff received the injuries for which she sues.

According to the plaintiff's proof the accident was due to the negligence of the defendant's chauffeur in operating the automobile at an unlawful rate of speed, and the verdict of the jury has established the truth of this theory.

The defendant moved for a directed verdict below and it was urged in the Court of Appeals and is urged here that this motion should have been sustained. The defendant insists that she had loaned her automobile to her daughter to be used on this occasion on the daughter's personal mission; that while the chauffeur was in defendant's general employ he had for this trip been loaned to the daughter and was the servant of the daughter in this particular transaction; that defendant was not in control of the automobile or of the chauffeur at the time of the accident, and that defendant was, therefore, free from liability in this suit.

The contention of the plaintiff was that neither the automobile nor the chauffeur had been loaned to Mrs. Moore or to herself, but that the automobile was being operated under the direction and control of the defendant, in charge of her servant, and that the plaintiff and the other ladies were riding in the automobile as guests of the defendant. That defendant had undertaken to send her car to Nashville, in control of her chauffeur, by way of furnishing convenient transportation and pleasure to her daughter and to her daughter-in-law, and that the car was employed at this time on defendant's own undertaking as aforesaid, and was being operated under defendant's direction by her servant.

The negligence of the chauffeur was responsible for this accident. The liability for the accident is to be determined by ascertaining whose servant the chauffeur was at the time thereof. The trial judge submitted this question to the jury and we think he was right.

While it is true that Mrs. Moore or perhaps the plaintiff, while on this journey, might have directed the chauffeur to stop at this place or that place and have otherwise controlled the details of the journey, it may very well be doubted whether they had full control of the chauffeur for the time being—whether they could have ordered him out of the car and put another in charge of the car for the trip, or whether they could have used the services of the chauffeur for any other purpose, or have changed the route.

We went over this subject in *Chamberlain* v. *Lee,* 148 Tenn., 637, and there said:

"In order to escape responsibility for the negligence of his servant on the theory that the servant has been loaned, the original master must resign full control of the servant for the time being. It is not sufficient that

the servant is partially under the control of a third person."

In this case, as in that, we think the trial judge properly left it to the jury to say whether the defendant had given up entire control over her chauffeur or only partially transferred control over him on this occasion.

The trial judge also left it to the jury to say whether the plaintiff below was guilty of such contributory negligence as to deprive her of any recovery herein. The propriety of this action presents the most serious question in the case.

One riding in an automobile as a guest cannot rely upon the care and negligence of the driver to the extent of relieving himself from the exercise of reasonable precautions for his own safety. This obligation is personal and continuing. *Stem* v. *Interurban Ry.*, 142 Tenn., 494. A guest, although not driving the car, must exercise due care for his own safety. *Hurt* v. *Y. & M. B. R. Co.*, 140 Tenn., 623. If an adult, while riding in a car driven by another sees, or ought by due diligence to see, that the driver is not taking proper precautions, it is the duty of the passenger or guest to remonstrate or give some warning of danger, and a failure to do so is negligence. *Knoxville Railway & Light Co.* v. *Van Gilder*, 132 Tenn., 489. To the same effect is *Tennessee Central R. Co.* v. *Van Hoy*, 143 Tenn., 312.

It is said in *Knoxville Railway & Light Co.* v. *Van Gilder*, supra, that the passenger or guest may rely upon the assumption that the driver of the automobile will exercise proper care and caution unless the danger is obvious or is known to the passenger or guest. This is repeated in *Tennessee Central R. Co.* v. *Van Hoy*, supra.

all the cases so far decided by this court, the ques-
ʔ the guest's contributory negligence has been held
to the for the jury.

.In the case before us, it is said, on the one hand, that
the plaintiff here knew the road over which they were
traveling. That she sat on the front seat with the speed-
ometer before her. That there was nothing to obstruct
her view. That she was in the habit of running a car
herself and was capable of judging speed. Yet, not-
withstanding the unlawful rate of speed at which the car
was propelled, plaintiff paid no attention whatever to
such operation of the car, and sat engaged in conversa-
tion with the ladies to her rear, with no word of warn-
ing or protest to the chauffeur. That the chauffeur was a
negro boy, the servant of her mother-in-law, and while
perhaps not technically under plaintiff's control, that he
would in all probability heeded any direction she gave
him as to slackening speed. It is urged that in so con-
ducting herself, shutting her eyes to the movements of
the automobile, the plaintiff failed to exercise ordinary
care for her safety, and was guilty of such negligence as
to bar her recovery herein as a matter of law.

On the other hand it is said that the automobile was
traveling over a smooth road. That it was a heavy car,
capable of attaining high speed without noticeable vi-
bration. That such a car on such a road may easily
run thirty-five or forty miles an hour without attracting
notice from its occupants. That the car was in charge
of an experienced operator, reputed to be careful, and
that plaintiff was entitled to rely largely on the skill of
this chauffeur for her safety, until something in the
movements of the car or her surroundings challenged
her attention to danger. That she had not noticed ex-
cessive speed nor approach to the road crossing. That

the safe driving of a car is not promoted by interference with the driver and suggestions to him from passengers. That situated as she was plaintiff did not fail in the exercise of ordinary care by engaging in conversation with her companions and letting the chauffeur alone.

Comparing the respective contentions of the parties thus outlined, we are satisfied that reasonable men might differ as to whether the plaintiff acted with ordinary care under the circumstances disclosed—as to whether she conducted herself as a prudent person ordinarily would do. In this plight of the case, the question of her contributory negligence was one for the jury. *Roofing & Mfg. Co.* v. *Black,* 129 Tenn., 30.

The cases from other jurisdictions cited upon the briefs of counsel are too numerous to be reviewed. A reference to the text books, where all the cases are discussed, convinces us that the matter of a guest's contributory negligence under such facts as here appear is a jury question. Huddy on Automobiles, sec. 823; Berry on Automobiles (3 Ed.), sec. 502; Blakemore's Ed. of Babbitt on the Law Applied to Motor Vehicles (3 Ed.), sec. 1622.

We find no error in the judgment of the Court of Appeals and it will be affirmed.

Note: Counsel for the plaintiff in error have filed a supplemental brief calling our attention to a number of late cases where a verdict was directed against a guest in an automobile, suing the owner, on account of the failure of the guest to take proper precaution for his own safety.

In only two of these cases does it appear that the accident was occasioned by an upset of the car due to excessive speed. In *Wagenbauer* v. *Schweinn* (Pa.), 121, Atl., 699, the court was not satisfied that the negligent

speed alone caused the accident. In *Neglo* v. *Jones* (Kan.), 222 Pac., 116, the speed was obvious and known to the guest. The guest had told the owner he was reckless in his driving, but the guest did not make any vigorous remonstrance or ask permission to get out.

Other cases cited in the supplemental brief are railroad crossing cases, where the injuries of the guest followed a collision between an automobile and a train. In these cases the crossing was apparent to the guest, as well as the approaching train, and the guest's opportunity for seeing the danger was in most of the cases better than that of the driver. None of the cases mentioned, in our opinion, are controlling here.