HOLT *v*. WALSH (two cases).

(*Knoxville,* September Term, 1943.)

Opinion filed October 16, 1943.

McAllester, Harris & McAllester, of Chattanooga, for plaintiff in error.

Harry Berke and M. A. Fleming, Jr., both of Chattanooga, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

The record presents two cases which were tried before a jury in the Circuit Court of Hamilton County. The first is that of Lawrence Walsh, a minor 18 years of age, who sued Marcus Holt for personal injuries sustained in

an automobile accident and recovered a judgment in the sum of $5,000. The second is that of M. L. Walsh, father of Lawrence Walsh, who sued for loss of services and medical expenses. His suit was consolidated and tried with the suit of the minor and he recovered a judgment of $2,000. After the motion for a new trial was overruled, the cases were appealed by the defendant below to the Court of Appeals, where the judgments were affirmed, and after being denied a rehearing, the defendant has filed a petition for *certiorari* here, which was granted and argument heard. The parties will be referred to herein as they were in the court below, the petitioner as defendant and the respondents as plaintiffs.

On May 31, 1941, Lawrence Walsh, who was then a telegraph messenger, was riding a bicycle southeast on West 11th Street, where that street joins Chestnut Street at an angle of about 70 degrees, in Chattanooga, Tennessee. In the area of the intersection of West 11th Street and Chestnut Street, plaintiff was struck by an automobile being driven by the defendant, and from the collision sustained injuries for which he brought his suit. Other facts will be developed hereinafter. As we have said, the father also brought suit, and these two suits were consolidated and tried together.

The petitioner makes ten assignments of error. One of them contains a cumulation of all the assignments made in the Court of Appeals and the last is to the effect that that court committed error in overruling a petition to rehear. Obviously, a separate consideration of each of these assignments separately would make this opinion unduly long; especially, as we have carefully considered the record and feel that the result reached by the trial court and the Court of Appeals in upholding the verdicts

is correct. With regard to two questions presented by the assignments, we think some clarification and modification should be made.

These questions which are the basis for the most important assignments and on which the major part of the arguments before this court were based, are: (1) The law of contributory negligence where a minor 18 years of age is the plaintiff; (2) the proper construction of the words "center point" in the city ordinance and the statute, which prohibits "making a left turn without passing to the right of the center point of the intersection."

██ With regard to the first question: At the time of the collision plaintiff was riding his bicycle southeast on West 11th Street, and after stopping as required by the stop sign at the southwest corner, had proceeded into the area of the intersection of that street with Chestnut Street. There is sharp conflict of testimony as to the exact point of the collision, and as to whether or not plaintiff had commenced to make a left turn on Chestnut Street at the time he was struck. We find material and substantial evidence to support plaintiff's contention that he, at the time of the collision, was still in the area of the intersection marked on the map exhibited as the prolongation of the south traffic lane of West 11th Street, and since it is evident that the trial judge, the jury and the Court of Appeals have found this fact for the plaintiff, we are bound to accept that finding here.

██ ██ Petitioner's statement that "contributory negligence of the plaintiff is a question of law for the court" is incomplete. The question of law for the court's determination is whether the plaintiff, a minor 18 years of age, has by reason of his intelligence, experience, and physique, sufficient capacity to be held to the legal duty

to exercise reasonable care for his own safety, under the facts and circumstances disclosed by the evidence. But, after the court has determined, as it did here, that the plaintiff has sufficient capacity, the question of whether, under the facts and circumstances disclosed by the evidence, the plaintiff did exercise reasonable care, if there is conflicting evidence, remains a question of fact for the jury under a proper charge. In *Ballow* v. *Postal Tel. Cable Co.*, 12 Tenn. App., 348, 352, relied on by petitioner, there was no conflicting evidence on the facts. It was admitted that if a minor between 14 and 21 years of age could be guilty of contributory negligence plaintiff had been guilty of it. In affirming the action of the trial court in directing the verdict, the Court of Appeals said in its opinion, ''the facts are not disputed, and are such that all reasonable men must reach the same conclusion therefrom.''

The case before us is quite different, for as we have said, there is sharp conflict as to what the action and position of the plaintiff were at the time of the accident. We think in the case before us, the action of the trial judge was correct. There was no dispute that plaintiff, being a telegraph messenger who knew how to ride a bicycle and was familiar with the neighborhood, had sufficient capacity to be obligated under the law, to exercise reasonable care for his own safety under the facts and circumstances disclosed by the evidence. The judge so charged the jury, and this, we think, is clearly the law under our decisions. *Queen* v. *Dayton Coal & Iron Co.*, 95 Tenn., 458, 32 S. W., 460, 30 L. R. A., 82, 49 Am. St. Rep., 935; *Manning* v. *American Clothing Co.*, 147 Tenn., 274, 247 S. W., 103.

 The only specific action of the plaintiff that is insisted on as constituting contributory negligence was that he turned his bicycle left and north on the west side of Chestnut Street before he reached the center point of the intersection of that thoroughfare with West 11th Street, and that in so doing he violated both the State Traffic Code, section 2682-b and an ordinance of the City of Chattanooga, which was specifically pleaded and which does not differ materially from the Code section cited. The evidence of his violation of one or the other of these laws must be undisputed to raise the presumption that plaintiff was guilty of contributory negligence as a matter of law, and even then, the question of whether that contributory negligence was proximate or remote, was still a question of fact to be determined by the jury. *Weeks* v. *McNulty*, 101 Tenn., 495, 48 S. W., 809, 43 L. R. A., 185, 70 Am. St. Rep., 693. It is not enough that the ordinance was violated unless it proximately caused the injury. *Weeks* v. *McNulty, supra*; *Deming* v. *Merchants' Cottonpress Co.*, 90 Tenn., 306, 353, 17 S. W., 89, 13 L. R. A., 518; *Postal Tel. Cable Co.* v. *Zopfi*, 93 Tenn., 369, 374, 24 S. W., 633; *Anderson* v. *Carter*, 22 Tenn. App., 118, 118 S. W. (2d), 891; *American Natl. Bank* v. *Wolfe*, 22 Tenn. App., 642, 125 S. W. (2d), 193. We think, therefore, that the action of the trial court in overruling the motion for a directed verdict was correct in so far as the motion was based on the contributory negligence of the plaintiff, and the assignments of error in that regard are overruled.

 As to the second question, namely, that the requirements of the statute and ordinance cited, require that plaintiff in making a left-hand turn into Chestnut Street should pass beyond and around the geometric point of intersection of the center line of Chestnut Street and

center line of West 11th Street, we do not think that ''center point'' as used in those laws should be arbitrarily and invariably construed as a geometrical proposition. Such construction would make the regulation an absurdity in many cases, contrary to the rule laid down in *Stack* v. *General Baking Co.*, 283 Mo., 396, 223 S. W., 89, and cases there cited.

In regulating traffic at intersections, ''regard must be had to the course which traffic passing in the various directions through it may normally be expected to take.'' *Beck* v. *Sosnowitz*, 125 Conn., 553, 7 A. (2d), 389, 391. The Court of Appeals, in its opinion, upheld the insistence of the plaintiff that the proper method of determining the center point of the intersection was to be held by producing a perpendicular from the imaginary west line of Chestnut Street at the intersecting center line of West 11th Street, to the center line of Chestnut Street. While we agree with the Court of Appeals that under the facts and circumstances of the instant case, the use by plaintiff of such a center of intersection would have been an exercise by him of reasonable care for safety for himself and others, we do not feel that a general rule for the determination of such center of the intersection should be established to govern all cases. No doubt the legislature in passing section 2682-b of the Code, and the legislative authority of the city when passing the cited ordinance, had in mind a normal intersection with streets joining or crossing one another at right angles without irregularity or abnormality. From the authorities cited, the correct rule is that where there is an irregular or abnormal intersection, all persons using such intersection must take notice of the irregularity and abnormality and exercise reasonable care under the circumstances. The irregularity and abnormality are important circum-

stances. The determination of the question of whether persons so using such intersection exercised reasonable care is one of fact for the jury. Huddy Automobile Law, 9th Ed., Vol. 3-4, pp. 241, 242. It follows that since the correct result was reached for the decision of this case, the assignments of error made on account of the definition of the ''center point'' of the intersection by the Court of Appeals are overruled.

Assignment is made that the verdicts were excessive, but in view of the undisputed evidence of the nature, extent, and gravity of the minor's injuries, and of the necessary medical expenses and loss incidental thereto, we do not think that such assignments can be sustained.

Finally, in view of the other assignments made by petitioner, we make this observation with regard to the cause of the accident and contentions of petitioner in that regard; since the time element is constant and not disputed, even if the plaintiff had ridden his bicycle as petitioner contends he should have done to make a turn at the intersection of the center line of the two streets, he would, at the time of the impact, have been a few feet nearer the west curb of West Chestnut Street, and 8 or 10 feet south in the west line of that thoroughfare. Under the great preponderance of the evidence of the high, dangerous and excessive speed with which defendant was going south on Chestnut Street, the evidence that he was drinking and in a great hurry at the time of the collision, and the physical evidence of his lack of control of his car, we believe that the accident would have happened, nevertheless, and that the breach of the State Code or city ordinance by plaintiff, even if he breached it, would have had no causal connection with the collision, whatever.

It results that all assignments of error are overruled and the judgments are affirmed.