GULF, M. & O. R. Co. *v.* UNDERWOOD (two cases).

(*Jackson*, April Term, 1945.)

Opinion filed May 5, 1945.

Petition for rehearing denied June 9, 1945.

SPRAGINS & WHITE, of Jackson, for plaintiff, petitioner here.

CHARLES L. NEELY and GALLOWAY & GALLOWAY, all of Memphis, and JACK MANHEIN, of Jackson, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In the Circuit Court of Madison County Mrs. Mabeline Underwood recovered a judgment of $500 as damages for personal injuries against the Railroad Company, and her husband, D. G. Underwood, in a consolidated suit for medical expenses and loss of services, recovered a judgment against the Railroad Company for $250.

On appeal the Court of Appeals reversed these judgments on the ground that Mrs. Underwood had been, at the time of the accident for which the suits were brought, guilty of contributory negligence as a matter of law so as to bar the recoveries.

We granted plaintiffs' petition for *certiorari,* have heard argument, and the cases are now before us for disposition.

It is conceded that the question of the Railroad's negligence was properly submitted to the jury, and the sole question presented is whether or not Mrs. Underwood was guilty of such proximate contributory negligence as a matter of law as to bar her recovery.

At the time of the accident she was a guest in an automobile driven by a Mrs. Inman. The accident occurred at about 2:00 o'clock in the morning of a dark, foggy, misty day. It is not disputed that visibility

was very poor. Mrs. Underwood was a stranger in Jackson, and had been there for only two weeks. She had crossed the railroad at the scene of the accident five times during that time—four times in daylight and once before at night. She admits that she knew there was a railroad crossing between her residence and downtown Jackson, but denies that she knew exactly where it was. From the discrepancies in her testimony on direct and cross-examination, it was clearly for the jury to weigh her testimony. There was conflicting testimony of the speed of the automobile—some evidence that it was 22 to 25 miles per hour, and other evidence that it was 40 miles per hour. The great weight of the evidence is that at the time of the collision the atmosphere was misty and it was drizzling rain, but we find no support for the statement in the opinion of the Court of Appeals, that "the fog was impenetrable." The conflicting evidence of the presence or absence of guards at the crossing, of the visibility of the railroad crossing sign, and of the interval of time between the appearance of the obstruction and the collision during which interval Mrs. Underwood had opportunity (1) to be aware of danger, and (2) to warn Mrs. Inman, were clearly jury questions to be answered by weighing the evidence, and measuring the conduct and behavior of Mrs. Underwood with regard to care for her own safety in the light of the jury's conception of what would have been "reasonable care" under the same set of facts. Clearly, only the jury could make the appraisal. The driver of the car, Mrs. Inman, had lived in the apartment house where both ladies resided, for more than a year. She was thoroughly familiar with the road, and she was on her own business at the time.

■ If Mrs. Underwood is to be deprived of her right of recovery, it must be on account of some failure of her own to exercise reasonable care for her own safety. *Miller* v. *Union P. R. Co.*, 290 U. S. 227, 232, 54 S. Ct. 172, 78 L. Ed. 285, 289; *Little* v. *Hackett*, 116 U. S. 366, 6 S. Ct. 391, 29 L. Ed. 652.

■ The negligence of Mrs. Inman, if there was any, is not to be imputed to Mrs. Underwood to prevent the recovery of the latter. *Crawford* v. *N., C. & St. L. Ry.*, 153 Tenn. 642, 284 S. W. 892; *Schwartz* v. *Johnson*, 152 Tenn. 586, 280 S. W. 32, 47 A. L. R. 323.

■ Further, if we are to say that Mrs. Underwood was guilty of proximate contributory negligence as a matter of law and so prevent a submission of her case on the facts to the determination of a jury, she must, at the time of her injury or immediately prior thereto, (1) have been guilty of acquiescing in the violation of some statute or ordinance which proximately caused her injuries, or (2) she must, at the time, by undisputed evidence, have been guilty of such conduct as would in the *unanimous* judgment of all men, have constituted proximate negligence. Admit for argument, that Mrs. Underwood knew of the crossing, that it was dark and drizzling rain. She was a guest in the automobile, and not the driver, and we think, under the peculiar facts of this case, could only be held to a duty to interfere with the driver by warning or taking other steps for her own safety—*not* when the danger became apparent, but when Mrs. Underwood became aware, or in the exercise of reasonable diligence should have been aware, not only of the danger but of the additional fact that Mrs. Inman, the driver, was not doing what a reasonably prudent driver would do to meet the apparent danger.

"Of course, if an adult, who while riding in a vehicle driven by another sees, or ought by due diligence to see, *a danger not obvious to the driver, or who sees that the driver is incompetent or careless, or is not taking proper precautions,* it is his duty to give some warning of danger, and a failure to do so is negligence." *Knoxville Ry. & Light Co.* v. *Vangilder,* 132 Tenn. 487, 498, 178 S. W. 1117, 1120, L. R. A. 1916A, 1111. (Our emphasis.) *Cf. Tennessee Cent. R. Co.* v. *Vanhoy,* 143 Tenn. 312, 340, 341, 226 S. W. 225; *Dedman* v. *Dedman,* 155 Tenn. 241, 246, 291 S. W. 449.

There is no evidence that the driver of the automobile was violating a law or ordinance on account of which the guest could be held negligent by acquiescence in such violation. Nor are the essential incidents and circumstances of the driving admitted or undisputed so that all reasonable men are forced to bring in a verdict of negligence against Mrs. Inman, as driver, and Mrs. Underwood, as an acquiescent passenger. One of these two elements (1) acquiescence in the violation of law or ordinance or (2) acquiescence in the driving of a car in an undisputed negligent manner must be present to support a finding of contributory negligence as a matter of law. *Holt* v. *Walsh,* 180 Tenn. 307, 313, 174 S. W. (2d) 657.

The trial court has made a finding that Mrs. Underwood was not guilty of contributory negligence, and the Court of Appeals has found that she was.

"It can no longer be said that there is no room for the minds of reasonable men to differ, or to reach a different conclusion. In the instant case, viewing the facts and circumstances proven, it cannot be said that the minds of reasonable men might not differ. In fact, they have differed. The jury and trial judge and Court of Appeals

have reached a conclusion against the deduction and conclusion of learned counsel for the defendant, petitioner here." *Lea et al.* v. *Gentry,* 167 Tenn. 664, 670, 671, 73 S. W. (2d) 170, 172.

The Court of Appeals held Mrs. Underwood guilty of contributory negligence as a matter of law on the following findings:

"The dangers incident to driving an automobile down a city street and *in close proximity* to a railroad crossing, on a dark night, *through an impenetrable fog,* at a speed of 22 to 25 miles per hour, were as obvious to Mrs. Underwood as they were to Mrs. Inman, the driver of the car, and Mrs. Inman was clearly guilty of negligence which was a proximate cause of the collision." (Our emphasis.)

There is, so far as we can find, no evidence that the fog was impenetrable, but if there was, there was other evidence by railroad employees that there was "no rain or fog," so the condition of the atmosphere was a question for the jury under all the evidence. We think that if driving an automobile at 22 to 25 miles per hour "in close proximity" to a railroad crossing, be accepted as a criterion of negligence, the reasonable definition of the phrase itself becomes a jury question under the facts of each case.

Further, we think Mrs. Underwood was not guilty of contributory negligence merely by remaining a passenger in Mrs. Inman's car in a place of "obvious danger," but would only be so guilty, after she became aware, or in exercise of reasonable care should have become aware, that she could no longer rely on the driver to take the steps necessary to avoid the danger. *Knoxville Ry. & Light Co.* v. *Vangilder,* and other cases, *supra.*

The Court of Appeals in reaching the conclusion that the plaintiff here was guilty of contributory negligence as a matter of law, incorrectly, we think, followed the authority of *Louisville & H. R. R. Co. et al.* v. *Anderson,* 159 Tenn. 55, 15 S. W. (2d) 753. In that case recovery was denied against the railroad for the death of a guest in an automobile which collided with a train. *There was no conflict in the evidence on any material fact.* Undisputed facts were that the occupants of the car had an unobstructed view of the crossing and of the trucks approaching it. The deceased, prior to the collision, made comments about a moving train, was familiar with the crossing and knew that the automobile was approaching it.

"There is no material conflict in the evidence as to any of the facts. As stated by the Court of Appeals, the question of whether the deceased was guilty of proximate contributory negligence, so as to require a verdict for the defendants, depends for its determination mainly upon the inferences to be drawn from undisputed facts; and a directed verdict would have been improper, unless the only fair and reasonable inference from such undisputed facts is that the deceased was guilty of such contributory negligence. *[Philip] Carey Roofing & Mfg. Co.* v. *Black,* 129 Tenn. 30, 37, 164 S. W. 1183, 51 [L. R. A. (N. S.), 340]." *Louisville & N. R. R. Co.* v. *Anderson,* 159 Tenn. 55, 61, 15 S. W. (2d) 753, 755.

Clearly the decision of *Louisville & N. R. R. Co.* v. *Anderson, supra,* supplies no authority for the case before us here.

We think the case of *Tennessee Cent. Ry. Co.* v. *Schutt,* 2 Tenn. App. 514, is the Tennessee authority most nearly in point. The essential facts were almost identical except that the injured guest, who sued, was sitting on the

back seat of the automobile when the collision with a stationary car occurred on a misty night. This is an unimportant difference on the question of "reasonable care" in the light of evidence about the guest's familiarity with the crossing and its location. The plaintiff was denied recovery in the *Schutt Case* because there was no proof of the railroad's negligence, but as to the contributory negligence of the plaintiff, the Court found (at page 519 of 2 Tenn. App.):

"However, we are inclined to the opinion that upon the undisputed evidence in this record it might be held, as a matter of law, that plaintiff was free from negligence on the occasion in question; but we need not go that far. Certainly it cannot be held on this record, as a matter of law, that plaintiff was guilty of proximate contributory negligence."

Here the only negligent conduct suggested against Mrs. Underwood in the evidence is that knowing the road and the location of the railroad track, she failed to warn Mrs. Inman, the driver of the car. To warn her of what? The freight car? It is not proved that she saw the car before Mrs. Inman. There was conflicting evidence of the speed of the car, so that the question of the care in its operation was for the jury. There was no proof that there had been any event prior to the collision which was calculated to put the passenger on notice that the speed of the car was reckless under the circumstances.

Mrs. Underwood was entitled to presume that Mrs. Inman would drive with reasonable care. *Nashville, C. & St. L. Ry.* v. *White,* 158 Tenn. 407, 15 S. W. (2d) 1; *Lea et al.* v. *Gentry,* 167 Tenn. 664, 73 S. W. (2d) 170.

The evidence is entirely that of Mrs. Underwood herself as to her familiarity with the location of the cross-

ing and we think a jury question was clearly presented as to what Mrs. Underwood's duty was under facts to be determined by the jury after weighing the conflicting evidence. *Tennessee Cent. R. Co.* v. *Vanhoy*, 143 Tenn. 312, 226 S. W. 225; *Dedman* v. *Dedman,* 155 Tenn. 241, 291 S. W. 449. Such was the conclusion of the trial judge, and under proper instruction the jury found for Mrs. Underwood.

The judgment of the Court of Appeals is reversed and that of the circuit court affirmed. The respondent will pay the costs.

### On Petition to Rehear.

■ Petition to rehear has been filed which fails to comply with Rule 32, 173 Tenn. 886, 887. No omission or oversight is suggested and no new argument or authority presented. Such petition must be denied under authority of many cases. *Andrews* v. *Crenshaw*, 51 Tenn. 151, 152; *Louisville & N. Railroad* v. *Fidelity & Guaranty Co.*, 125 Tenn. 658, 148 S. W. 671. Petitioner insists that our former opinion erroneously decided the case but cites no new authority or argument for such position. The fact that petitioner is dissatisfied does not justify a rehearing.

" 'If re-hearings are to be had, until the counsel on both sides are entirely satisfied, we fear that suits would become immortal, and the decision be postponed indefinitely.' " Story's Eq. Pl. (8 Ed.), sec. 421, page 395, note. Compare *Andrews.* v. *Crenshaw*, 51 Tenn. 151, 153.

Petitioner insists that our statement of the rule for determining a guest's contributory negligence is new and revolutionary. It is neither. It is a mere restatement of the rule of *Dedman* v. *Dedman*, 155 Tenn. 241, at page

246, 291 S. W. 449, where the *Van Gilder* and *Vanhoy Cases* are cited in support. The same rule is clearly illustrated and followed in *Louisville & N. R. R. Co.* v. *Anderson*, 159 Tenn. 55, 15 S. W. (2d) 753, where the Court, in holding a guest in an automobile guilty of contributory negligence as a matter of law, said:

"He (the guest) is shown to have been aware that they were approaching the railroad, for he had commented on the train on the 'Y' track. *He must also have been conscious of the fact that Mr. Chandler was approaching the crossing without stopping,* in violation of Acts 1917, chap. 36, which makes it the duty of the driver of an automobile to come to a full stop at a distance of not less than 10 feet nor more than 50 feet from a grade crossing." Page 62 of 159 Tenn., page 755 of 15 S. W. (2d) (Emphasis ours.)

The case before us is clearly different and distinguishable on the facts. The evidence of the details of the collision are in sharp dispute. Both the driver of the automobile and her passenger testify, with no contradictory evidence, that the unlighted freight car loomed suddenly before the automobile and that the collision ensued immediately, with no opportunity for the driver to stop the car and *a fortiori* with no opportunity for the guest to warn the driver or take other steps for her own safety.

██ Petitioner insists that because the plaintiff was riding in an automobile in Jackson, Tennessee, in proximity to a railroad grade crossing, that she was in a position of known peril and under a legal duty to take steps for her own safety. We find no authority for this contention either in books or common sense. As we may properly take judicial notice that in Jackson, Tennessee, very many of the principal arteries of automobile traffic

cross railroads at grade, the imposition of a rule that guests are required, whenever an automobile in which they are riding is in proximity to one of these crossings, to interfere with the driver by warning or otherwise, would be as unreasonable as it would be impractical, and would greatly increase, rather than diminish, the hazards of traffic.

For the reasons stated the petition is denied.