GRIGSBY & CO. *v.* BRATTON.

(*Nashville.* December Term, 1913.)

1. **EXPLOSIVES. Gasoline. Injuries to automobile. Contributory negligence. Burden of proof.**

In an action for injuries from the explosion of plaintiff's automobile by gasoline being poured into the tank coming in contact with a light on the machine, it will be assumed, in the absence of contrary evidence, under the rule as to the burden of proof, that the cap of the tank was removed by plaintiff before he went in to direct the tank to be filled, rather than by defendant's employees who filled it. (*Post, p.* 601.)

2. **EXPLOSIVES. Contributory negligence.**

Plaintiff's son drove plaintiff's automobile to defendant's drug store to have it filled with gasoline, and, after stopping the machine in front of the store and ordering the gasoline, turned down the light of a lamp attached to the rear of the automobile about twenty inches under the cap of the tank into which the gasoline was poured, and walked away to talk to some boys. The side of the lamp next to defendant's store was of metal, so that the light did not show in that direction, and defendant's clerk brought out a five-gallon gasoline can, and, without noticing that the light was burning, placed a funnel in the mouth of the tank and lifted the can to pour gasoline into the tank, when some of the gasoline ran down and came in contact with the light causing an explosion. There was no proof whether the cap on the automobile tank was originally removed by plaintiff's son or by defendant's clerk. *Held*, that plaintiff's son was negligent in merely lowering the light and removing the tank cap and walking away, without explaining to defendant's clerk that the tank was not ready to be filled. (*Post, pp.* 599, 600.)

3. **EXPLOSIVES. Negligence. Proximate cause.**

The negligence of plaintiff's son was the proximate cause of the explosion. (*Post, pp.* 601, 602.)

4. NEGLIGENCE. Contributory negligence.   Proximate cause.

If plaintiff's negligence continued up to the time of the accident and contributed thereto, either the negligence of the parties was concurrent, or else plaintiff could have avoided the accident, making his negligence in either event a proximate cause of the accident. (*Post, p.* 603.)

Cases cited and approved:   Barr v. Railroad, 105 Tenn., 545; Seith v. Commonwealth Co.; 241 Ill., 252; Railroad v. Roe, 118 Tenn., 601.

5. NEGLIGENCE.   "Proximate cause."

"Proximate cause" does not necessarily mean that which is last in time or place, but means that which is the procuring and efficient cause of the accident, and indicates, rather, nearness in causal relation. (*Post, p.* 603.)

Cases cited and approved:   Gilson v. Canal Co., 36 Am. St. Rep., 811, notes; Barr v. Railroad, 105 Tenn., 545; Rosenbaum v. Shoffner, 98 Tenn., 630.

6. NEGLIGENCE. Contributory negligence.   Effect.

Where plaintiff and defendant are both guilty of negligent acts which together constitute the proximate cause of the injury, plaintiff cannot recover. (*Post, p.* 604.)

Cases cited and approved:   Railway v. Haines, 112 Tenn., 715; Traction Co. v. Brown, 115 Tenn., 325.

---

FROM WILSON.

---

Appeal from Circuit Court of Wilson County to the Court of Civil Appeals and by · *certiorari* from the Court of Civil Appeals to the Supreme Court.—Jno. E. Richardson, Judge.

W. R. Chambers and Frank McMillan, for plaintiff in error.

LILLARD THOMPSON and W. S. FAULKNER, for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This cause was tried by the circuit judge, without the intervention of a jury, and his findings of fact were reduced to writing pursuant to the request of defendant below, Thomas Grigsby, who, as sole owner, conducted a drug store in Lebanon under the name style of Grigsby & Co.

From this finding it appears that plaintiff's (Bratton's) automobile was by his direction taken by his son, Clyde Bratton, aged about seventeen years, to the defendant's drug store to be replenished with gasoline. The machine was driven to a point in the street in front of the store at or about dark. Young Bratton had theretofore taken this and other machines to this store for the same purpose.

When the machine was so stopped and an order for gasoline given and accepted, Clyde Bratton turned down to some extent the light of a lamp (attached at the rear end of the automobile) because, as he explains, the light was high. He later turned away from the machine and walked to the pavement to talk with some boys.

The tank that carried gasoline for consumption by the machine was cylindrical in form, and was placed in the rear of the body and over the lamp referred to. At the center of the top of the tank was a hole for

the inpour of gasoline, covered by a filler cap. The distance from this cap to the top of the lamp was 24 inches. The lamp had two glass sides, but its side next to the store was of metal, so that its light did not show in that direction.

Bass, a drug clerk of defendant, approached the machine carrying a five-gallon can filled with gasoline. He did not see or notice that the light was yet burning at the lamp. The can used was of tin, incased in a wooden jacket, with a round mouth in the center of the top, which top was cone shaped. Handles were on the side of the wooden jacket, and by one of these the can was carried to the machine. The can was one used by wholesale dealers in shipping oil, and not a receptacle in which gasoline was shipped to defendant. The clerk placed a funnel in the mouth of the tank, lifted the can gently, placing its projecting mouth just over the rim of the funnel. After a gallon of gasoline had been poured, ignition and injury to the machine occurred.

The custom at this place of business was for the driver of the machine to remove the filler cap. The proof does not show who in fact removed it on this occasion.

The circuit judge found that the fire and resulting injury to the automobile sued for resulted from the handling and pouring of the gasoline, either from spilling gasoline, with the result that it came in contact with the fire of the lamp, or from fumes diffusing, and that the weight of the evidence was in favor of the former as the cause; that the gasoline was spilled un-

Grigsby & Co. v. Bratton.

consciously; that the injury was due to the handling of
the can and the natural tendency of the liquid to run
from the round-rimmed mouth of a can when full on
its being tilted at elbow height, which was approxi-
mately the height of the funnel.

From the facts found, the circuit judge drew the
conclusion of law that there was actionable negligence
on the part of defendant through Bass, and rendered
judgment accordingly.   Defendant appealed.

The court of civil appeals held that there was a
reasonable inference of negligence on the part of de-
fendant from the pouring of the gasoline from the
can that was used, and ruled in affirmance.   Petition
for *certiorari* has been filed by defendant to bring this
judgment under review by this court.

If we assume, without deciding, what might be a
subject of serious dispute, negligence on the part of
defendant on the ground that the can was overfilled, or
was not a fit one, in that its projecting mouth did not
extend far enough beyond the edge of the funnel for
safe pouring, he being unaware of the light's burning,
we have yet to consider a question not commented on
by either the lower court or the court of civil appeals:
Was plaintiff's son and agent himself guilty of negli-
gence which proximately contributed to the injury?

We are of opinion that fair inferences deducible
from the facts found are:   That, in the absence of
proof as to who did it, the filler cap must be taken to
have been removed by Clyde Bratton rather than by
Bass.   This, either under the custom proven, or under

the rule as to the burden of proof. That, when this cap was removed, and the lamp light was lowered by plaintiff's son, thus diminishing its power as a potential warning to the drug clerk, to whom the light then was not obvious because of the lamp's metal side, the clerk had a right to assume that the automobile had been by its driver placed in condition to receive the charge of gasoline. It does not appear that the customary mode of filling the tank, as respects the can or manner of pouring, was departed from, or that accidents had occurred prior to this.

The light should have been extinguished, but, from the facts found, plaintiff has not shown this to have been incumbent on defendant. The inference from young Bratton's acts in lowering it, and then presumedly removing the filler cap is in favor of defendant.

We are unable to see that the negligence of defendant, so assumed, intervened between the negligence attributable to the plaintiff and the accident as the sole proximate cause of the injury. Negligence is so attributable to the plaintiff in his son's merely lowering the light, removing the top, and walking away from the machine to talk to other boys without any explanation being made by him to Bass that the machine had not been put in readiness for the filling of its tank.

The contention before us to excuse plaintiff from contributory negligence is to the effect that plaintiff's negligence preceded and had expended itself before defendant's negligence intervened, and was not con-

tinuous to the instant of the accident, and therefore is not to be conceived of as proximately contributory.

The light was left burning to that instant, and the driver of the machine was yet without cause away from the machine. But for one or both of these facts, the accident would not have happened.

If, notwithstanding defendant's fault, plaintiff's negligence so continued and contributed to the accident, then either the negligence of the parties was concurrent, or else the plaintiff himself is to be held as having had the opportunity of avoiding the injury, and his contribution is, in either event, not remote in the chain of causation. *Barr* v. *Railroad,* 105 Tenn., 545, 58 S. W., 849; *Seith* v. *Commonwealth Co.,* 241 Ill., 252, 259, 89 N. E., 425, 24 L. R. A. (N. S.), 978, 132 Am. St. Rep., 204, 208; *Railroad* v. *Roe,* 118 Tenn., 601, 609, 102 S. W., 343.

What is meant by "proximate cause" is not necessarily that which is next or last in time or place, but that which is a procuring, efficient, and predominant cause. Closeness in causal relation, rather, is the meaning. Notes to *Gilson* v. *Delaware, etc., Canal Co.,* 36 Am. St. Rep., 811; *Barr* v. *Railroad,* supra; *Rosenbaum* v. *Shoffner,* 98 Tenn., 630, 40 S. W., 1086, and cases cited; 13 Am. & Eng. L. (2 Ed.), 490; 7 Am. & Eng. L. (2 Ed.), 376; 29 Cyc., 491-499.

Assuming that defendant was negligent, we are of opinion that plaintiff's negligence continued to operate concurrently at the moment of the accident in producing it; that there was no independent, self-support-

ing act of defendant that solely caused the injury, or
so came into operation as to make plaintiff's negli-
gence remote.   The negligence acts of plaintiff, out-
lined above, tended to make and keep the clerk una-
ware of the dangerous situation and probable conse-
quences that confronted him.   In the findings of fact
there is embodied nothing that indicates knowledge of
plaintiff's precedent negligence on the part of Bass
from which indifference to defendant's rights could
be inferred.   *Railroad* v. *Roe,* supra.

Where the plaintiff and defendant are thus guilty of
acts of negligence which together constitute the proxi-
mate cause of the injury, then the negligence of plain-
tiff, however slight, bars a recovery.   *Railway* v.
*Haynes,* 112 Tenn., 715, 81 S. W., 374; *Traction Co.* v.
*Brown,* 115 Tenn., 325, 89 S. W., 319.

The writ of *certiorari* is granted, and the judgment
reversed.   Judgment here for defendant, Grigsby,
with costs in his behalf.