**Dana FLINCHUM, Plaintiff-Appellee,**

v.

**CLINCHFIELD RAILROAD COMPANY, Defendant-Appellant.**

**No. 71-1821.**

United States Court of Appeals, Sixth Circuit.

May 26, 1972.

Harry W. Lawrence, Gen. Counsel, Erwin, Tenn. (Ferdinand Powell, Jr., Johnson City, Tenn., on the brief), for Clinchfield R. Co.

E. Eugene Christian, Johnson City, Tenn., for plaintiff-appellee.

Before CELEBREZZE and PECK, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a personal injury action arising out of a railroad train-pedestrian accident. The jury in the trial court found for plaintiff, Dana Flinchum, and granted recovery in the amount of $50,000.00. The principal issue on appeal is whether the District Court erred in refusing to direct a verdict for the defendant Clinchfield Railroad Company, on the ground that plaintiff was guilty of contributory negligence, which under Tennessee law is a complete bar to recovery in a negligence action.[1]

The accident occurred at approximately 6:30 p. m. on December 12, 1969, in Johnson City, Tennessee. Flinchum, who was the only witness to the accident, testified that it was cold and dark on the evening in question and that he was walking along Buffalo Street in Johnson City in a southerly direction. He stated that as he came upon a railroad crossing on Buffalo Street, a sign erected near the tracks obstructed his view of the tracks to the East (or to his left), but that he could see the headlight of a train proceeding toward him from the East. The crossing was double tracked and Clinchfield owned the second set of tracks as viewed in the direction Flinchum was walking. (The first right of way was owned by another carrier.) Flinchum testified:

"I run across the first track and beat [the train] across, but it wasn't on that track. I got up on the [second set of tracks] and looked and realized that was the track it was on. And I turned around and tried to get back off and stumbled and fell."

When he fell, his foot caught under the track and both legs were run over by the oncoming train. Flinchum suffered several severe injuries from the accident and was rendered incapable of returning to his former occupation, which was barbering.

 In this diversity action, Tennessee law controls as to resolution of all substantive issues and we are required to consider the evidence in the light most favorable to plaintiff. Wallace v. Louisville and Nashville R. R. Co., 332 F.2d 97 (6th Cir. 1964); Maxwell v. Western-Atlantic R. R. Co., 295 F.Supp. 740, 743 (E.D.Tenn.1967), aff'd sub nom, Fryar v. Western-Atlantic R. Co., 406 F.2d 1326 (6th Cir. 1969). We assume the validity of the jury's verdict on the question of the railroad's negligence for purposes of this appeal. As previously indicated, our sole consideration is whether the facts herein show proximate contributory negligence as a matter of law, which in Tennessee is a complete bar both to a common law cause of action based on negligence and to a negligence action under the provisions of the Tennessee Statutory Precautions Act, Tenn. Code Ann. §§ 65–1208 and 65–1209. Baggett v. Louisville & Nashville R. R. Co., 51 Tenn.App.175, 365 S.W.2d 902, 904 (1962).

The plaintiff's own testimony, quoted above, establishes a complete disregard for his own safety. He therein conceded that he knew of the presence of the train, yet he tried to "beat it across." He admitted that he started to run across the first set of tracks when the train was only 25 to 30 feet away and proceeding at a speed of 50 to 55 miles per hour. He frankly said he thought the train was on the first set of tracks and didn't discover his error until he stepped onto the second set of tracks when the train was 5 to 10 feet from him. It was at this point that he "stumbled and fell," and was run over.

1. This appeal is taken from the second trial in this case. Following judgment for plaintiff in the first trial, the District Judge granted defendant's motion for new trial in light of "an erroneous and prejudicial jury instruction." At the second trial, the Court twice overruled defendant's motion for directed verdict and subsequently overruled defendant's motion for judgment n. o. v. and motion for new trial.

██ In Tennessee, it is well established that a railroad crossing is a warning of danger to the traveler and he is required to exercise ordinary care in looking out for his own safety. Maxwell v. Western-Atlantic R. R. Co., *supra*, 295 F.Supp. at 745; Todd v. Cincinnati N. O. & T. P. Ry. Co., 135 Tenn. 92, 185 S. W. 62 (1916); Union Ry. Co. v. Jinks, 55 Tenn.App. 491, 402 S.W.2d 495 (1965). While it is doubtful that Flinchum's estimation of the speed and distance of the train at the time he ran onto the crossing was entirely accurate, the only conclusion to be reasonably drawn therefrom is that he ignored the danger he knew to exist and was the author of his own peril.

██ An approaching train has the right of way and a pedestrian who sees the train coming must yield. Southern Ry. v. Whaley, 170 Tenn. 668, 98 S.W.2d 1061 (1936). At the least, such a pedestrian must pause and utilize his faculties of sight and hearing in an attempt to ascertain the location of the train before he ventures onto the crossing. Maxwell v. Western-Atlantic R. R. Co., *supra*, 295 F.Supp. at 745; Todd v. Cincinnati N. O. & T. P. Ry. Co., *supra*, 185 S.W. at 64. Flinchum is bound by what he should have discovered in the exercise of ordinary care and it must be concluded that his negligence in failing to do so was the proximate cause of the injuries which are the subject of this action. *See* Maxwell v. Western-Atlantic R. R. Co., *supra*, 295 F.Supp. at 747.

Even if the jury believed that the train failed to give any warning of its approach and failed to keep a proper lookout, the railroad could not be held liable. A warning would only have told Flinchum what he already knew. Moreover, it is clear that a moving train cannot stop in time to avoid hitting an obstruction cast so suddenly in its path. *See generally,* Dean v. Southern Ry. Co., 327 F.2d 757, 762 (6th Cir. 1964).

Reversed.