Monte Kay PERRY, Plaintiff-Appellant,

v.

**GULF, MOBILE & OHIO RAILROAD COMPANY, Defendant-Appellee.**

No. 73–2261.

United States Court of Appeals, Sixth Circuit.

Argued June 3, 1974.

Decided Aug. 22, 1974.

Oliver B. Dickins, Jr., Nashville, Tenn., for appellant; Charles R. Terry, Morristown, Tenn., Harold R. Gunn, Humbolt, Tenn., on brief.

Sidney W. Spragins, Spragins, Menzies & Rainey, Jackson, Tenn., on brief for appellee.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Plaintiff-appellant brought this diversity action in the district court below to recover damages for the claimed wrongful death of her husband, William Frank Perry. Perry was killed on September 3, 1971 when an automobile he was driving collided with a Gulf, Mobile and Ohio Railroad Company freight locomotive at a crossing located within the city limits of Dyer, a community of about 2,000 in Gibson County, Tennessee.

■ The case was tried to a jury which returned a verdict in favor of plaintiff-appellant in the amount of $25,000. The jury also answered interrogatories in the form of a special verdict, in which it indicated that it found both the railroad and the decedent to be guilty of negligence, at the same time finding the negligence of the railroad to be proximate while finding that of the decedent to be merely remote. Under Tennessee law, proximate contributory negligence bars recovery completely; remote contributory negligence only mitigates damages. Frankenburg v. Southern Railway Co., 424 F.2d 507 (6th Cir. 1970).

Following the jury verdict, defendant railroad moved for judgment notwithstanding the verdict, under Federal Rules of Civil Procedure 50(b). The trial court granted the motion and entered judgment for defendant, ruling that the evidence showed the deceased to have been guilty of proximate contributory negligence as a matter of law, thereby precluding any recovery by plaintiff. On appeal, Monte Kay Perry claims that the trial court erred in granting the motion for judgment notwithstanding the verdict and that the trial judge erroneously instructed the jury as to the Tennessee law of contributory negligence. She seeks reversal and a new trial, or in the alternative a reinstatement of the jury verdict.

■ In ruling upon the motion for judgment notwithstanding the verdict, the trial court was obliged to consider the evidence in the light most favorable to the plaintiff, and to allow all reasonable inferences to sustain the verdict. Wallace v. Louisville & Nashville Railroad Company, 332 F.2d 97 (6th Cir. 1964); Clinchfield R. R. Co. v. Forbes, 57 Tenn.App. 174, 417 S.W.2d 210 (1966); Poe v. Atlantic Coast Line Railroad Co., 205 Tenn. 276, 326 S.W.2d 461 (1959).

The evidence showed that the collision occurred at eight o'clock in the morning at the intersection of the "Gin" road and the railroad tracks in Dyer. An earlier rain had by that time turned to mist, and the locomotive's lights and wipers were on. The train had approached the crossing from the north at a speed of between twenty-five and thirty miles per hour. Alvin W. Hawks, engineer in charge of defendant's train, was the sole surviving eye witness to the accident. He testified that he first observed Perry's vehicle when the train was about thirty feet from the intersection at which time the automobile was not more than ten feet from the tracks. Hawks immediately applied the brakes of the train, but probably not until after impact. Perry was killed instantly. No skid marks were observed at the crossing after the accident. It was the uncontradicted testimony of the engineer as well as two independent witnesses that the train's bell had been ringing and its whistle blowing within the city limits of Dyer for approximately one mile before the train reached the crossing.

Plaintiff's decedent, a twenty-one year old agricultural worker, had resided in

Gibson County most of his life. He was familiar with the South Street crossing and had used it frequently. The vicinity of the collision scene was quite clearly described in the testimony and illustrated by photographs received in evidence. The crossing was marked by the familiar cross-buck, the view of which from the road and the tracks was unobstructed. The only obstruction to the view of an automobile driver, approaching from the west, was the presence of out-buildings (bean bins) which were situated on the right-of-way between 300 and 400 feet to the north of the crossing and approximately 75 feet west of the tracks. This did in fact interfere somewhat with the vision of both approaching trains and motor vehicles, but upon reaching a point thirty or forty feet from the crossing, the view opened up, and at twenty-five feet from the tracks there was an unobstructed view to the north along the tracks for about 500 feet.

The trial court, in granting the judgment n. o. v. found that the only negligent act that could reasonably have been charged to the railroad under the circumstances was unreasonable speed. The City of Dyer had passed an ordinance the previous May limiting the speed of trains operating within the city to twenty-five miles per hour, although no notice of the passage of the ordi-

nance had been given the railroad, nor had the speed limit been posted. Nevertheless, we assume for the purposes here, as did the trial judge, that there was evidence from which the jury could have found that the railroad was guilty of negligence which was a proximate cause of the accident.

Much of the discussion before the trial judge and before us on appeal has involved the question of whether the provisions of T.C.A. § 59–845[1] can be employed as a basis for finding the plaintiff's decedent guilty of contributory negligence per se, in view of T.C.A. § 59–846 which provides in part that:

> "None of the provisions of this section or §§ 59–845, 59–847 shall be construed as abridging or in any way affecting the common law right of recovery of litigants in damage suits that may be pending or brought against any railroad company or other common carrier."

We do not reach this question because we find that in any event the district judge's decision is amply supported by common law concepts consistently recognized by Tennessee courts.[2]

The basic common law rule is stated in Hurt v. Yazoo & M.V.R. Co., 140 Tenn. 623, 205 S.W. 437, 442 (1918):

> "The true rule which applies to this as all other questions of negligence is

---

I. 59–845. Obedience to signal indicating approach of train.—(a) Whenever any person driving a vehicle approaches a railroad grade crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad, and shall not proceed until he can do so safely. The foregoing requirements shall apply when:

1. A clearly visible electric or mechanical signal device gives warning of the immediate approach of a railroad train;

2. A crossing gate is lowered or when a human flagman gives or continues to give a signal of the approach or passage of a railroad train;

3. A railroad train approaching within approximately one thousand five hundred (1,500) feet of the highway crossing emits a

signal audible from such distance and such railroad train, by reason of its speed or nearness to such crossing, is an immediate hazard;

4. An approaching railroad train is plainly visible and is in hazardous proximity to such crossing.

(b) No person shall drive any vehicle through, around or under any crossing gate or barrier at a railroad crossing while such gate or barrier is closed or is being opened or closed. [Acts 1955, ch. 329, § 44.]

2. Plaintiff-appellant's argument in this regard is based upon an opinion by the Tennessee Supreme Court in which an earlier similar statute was construed. See Crawford v. Nashville C. & St. L. Ry., 153 Tenn. 642, 284 S.W. 892 (1926).

whether plaintiffs and defendants were in the exercise of ordinary care and prudence at the time of the accident."

■ In the ordinary case, care and prudence on the part of a motorist requires, under Tennessee law, that he first look and listen before entering upon a known railroad crossing. Hurt v. Yazoo, *supra*, held that exceptions were to be found to the general rule, such as where, for adequate reasons, the driver was not conscious that he was approaching a crossing, or where the driver's faculty for ascertaining the danger was impaired because of other circumstances attending the accident. In such cases, the court held "what is due care in the circumstances *of the exception* is ordinarily a question for the jury." (emphasis added). Nevertheless, held the court in *Yazoo*, "in the case of crossing a railroad track, the look and listen rule is the proper measure of plaintiff's duty under ordinary circumstances. . ." The court further stated:

> "The rule that it is negligence per se to enter upon a railroad track without looking or listening has been applied to the ordinary case in which the plaintiff, or the deceased, was not prevented from seeing or hearing by any other circumstances, and had the use of his faculties. In such case an ordinarily prudent man is deemed, under the law, to be guilty of such negligence as would bar a recovery if he entered upon the track without doing so. And it is only in exceptional cases that the rule does not apply, and in cases in which the facts relied upon as creating the exception itself are not superinduced by the want of due care." Hurt v. Yazoo, *supra*, 205 S.W. at 442.

■ Our examination of caselaw since *Yazoo* fully satisfies us that the foregoing is still a proper statement of the Tennessee common law. Maxwell v. Western-Atlantic Railroad Co., 295 F. Supp. 740 (E.D.Tenn.1967); Flinchum v. Clinchfield Railroad Co., 460 F.2d 252 (6th Cir. 1972). No circumstances which would bring this case within the exception to the general rule are shown by the facts here. The crossing was marked and plainly visible to motorists approaching from the west. Unlike the decedent in Wallace v. Louisville and Nashville Railroad Company, 332 F.2d 97 (6th Cir. 1964), Perry was a local resident and familiar with the crossing. The undisputed testimony revealed that the whistle and the bell on the train had been in operation. The crossing itself was level and quite ordinary.

Perry was bound by what he could have discovered in the exercise of ordinary care. Flitchum v. Clinchfield R. Co., *supra*. In light of the circumstances attending the collision here, the trial court determined that had Perry been exercising due care for his own safety, he would have been able to avoid the accident. We agree. The conclusion is inescapable that in driving upon the tracks and into the path of the train, plaintiff's decedent was guilty of contributory negligence. It is equally clear that his negligence operated concurrently with any of the defendant and was a "predominant" cause of his death, and thus, under the standards set forth in Grigsby & Co. v. Bratton, 128 Tenn. 597, 163 S.W. 804 (1912) and Todd v. Cincinnati, N. O. & T. P. Ry. Co., 135 Tenn. 92, 185 S.W. 62 (1915), was proximate rather than remote, as a matter of law.

We conclude, therefore, that the district court properly granted defendant-appellee's motion for judgment notwithstanding the verdict. It is therefore unnecessary to consider appellant's claims respecting the charge to the jury.

Affirmed.