**Leslie B. COMBS, II, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 74–61.

United States District Court,
E. D. Kentucky,
Lexington Division.

Nov. 21, 1978.

---

See also D.C., 490 F.Supp. 19.

Charles R. Hembree and Harry B. Miller, Lexington, Ky., for plaintiff.

Patrick H. Molloy, U. S. Atty., Lexington, Ky., Will E. McCleod, and F. Gerald Burnett, Trial Attys., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

MOYNAHAN, Chief Judge.

This action in which the plaintiff seeks a refund of income taxes paid for the calendar year 1969, was commenced on July 30, 1974, with a demand for trial by jury. The only issue presented at the trial related to the plaintiff's involvement with VSA, Inc. and Mid-America Investments, Inc. [Paragraph 8(h) of the complaint] inasmuch as the remaining issues had been resolved between the parties.

The defendant's motion for a directed verdict at the close of the plaintiff's case was overruled. At the close of introduction of all evidence, counsel for the plaintiff moved for a directed verdict, which motion was overruled after the court heard counsel on said motion. The case was submitted to the jury on the collapsible corporation issue under 26 U.S.C. § 341, together with a special interrogatory; viz:

"INTERROGATORY TO THE JURY

At the time and place referred to in the evidence, to-wit, on or prior to October 1, 1969, were the Vista Shores Apartments held by Mid-America Investments, Inc., primarily for sale to customers in the ordinary course of a trade or business or would they have been held by either the Plaintiff, Leslie B. Combs, II or David M. Trapp, primarily for sale to customers in the ordinary course of a trade or business, had the Plaintiff, Leslie B. Combs, II or David M. Trapp, held the legal title to said Vista Shores Apartments on or prior to said date of October 1, 1969?

(Answer Yes or No) _____Yes_____
                              Answer
November 17, 1978    /s/ Wayne W. Woodward
                         Foreman of the Jury"

By answering this interrogatory "yes", the jury rendered a verdict for the defendant.

On November 17, 1977, the plaintiff filed a motion for leave to file an amendment to his complaint whereby he would elect to compute the amount of taxes due pursuant to 26 U.S.C. § 1301 *et seq.* and this motion was sustained by court order dated September 7, 1978.

The plaintiff herein additionally filed, on March 14, 1978, a motion for judgment notwithstanding the verdict pursuant to Rule

50(b), Federal Rules of Civil Procedure alleging that the jury's verdict is erroneous as a matter of law and, alternatively, that the jury's verdict is contrary to the only reasonable interpretation of the evidence. Both parties have briefed the issues presented by this motion.

The plaintiff's first contention that the verdict is erroneous as a matter of law is not supported by the record or the subject statutes. The plaintiff argues that inasmuch as 26 U.S.C. § 341(e)(5)(A) requires the determination of whether the sale is to be treated as a sale of a capital asset or a Section 1231(b) asset to be made as if all the property of the corporation had been sold to one person in one transaction, it is impossible for the plaintiff, or David Trapp, to then be engaged in the sale of such property to customers in the ordinary course of trade or business. This provision establishes an "all-or-nothing" approach to the sale of Section 341 assets and prevents delineating gains based upon whether a particular asset is a "collapsible" or "non-collapsible" asset and does not direct itself to an analysis of the activities of the shareholders in a determination of whether they are engaged in a "trade or business."

The standard of review in considering a motion for judgment notwithstanding the verdict is found in *Philhall Corporation v. United States*, 546 F.2d 210 at 214 (6th Cir. 1976).

> In passing on a motion for a judgment notwithstanding the verdict the trial judge must view the evidence in the light most favorable to the non-moving party. *Perry v. Gulf, Mobile & Ohio Railroad Co.*, 502 F.2d 1144 (6th Cir. 1974). Viewing the evidence in this light, the grant of a judgment n. o. v. was proper only if the evidence in the present case was such that a reasonable person could reach only

one conclusion. *Reeves v. Power Tools, Inc.*, 474 F.2d 375 (6th Cir. 1973).

Therefore, this Court must decide whether the evidence presented in the trial of this action precludes the finding by the jury.

There is no dispute that the provisions of Section 341 would apply to this transaction but for the exemptions provided in subsection (e). This subsection was enacted in 1958 to provide relief from the all encompassing nature of "Section 341 Assets" which was in effect converting what would be capital gains into ordinary income merely because the corporate form was used.[1] Section 341(e)(5)(A) defines subsection (e) assets as

> Property (except property used in the trade or business, as defined in paragraph (9)) which in the hands of the corporation is, or, in the hands of a shareholder who owns more than 20 percent in value of the outstanding stock of the corporation, would be, property gain from the sale or exchange of which would under any provision of this chapter be considered in whole or in part as ordinary income.

This read in conjunction with subsection (e)(1) provides an exclusion for the sale of stock from the provisions of Section 341 if the net unrealized appreciation in subsection (e) assets of the corporation does not exceed an amount equal to fifteen (15) percent of the net worth of the corporation. Therefore the tax on any gain on such a sale will be a capital gains tax rather than ordinary income tax.[2] The question presented, then, is whether a sale of the subject real estate would have generated ordinary income in the hands of Mid-America Investments, Inc., the plaintiff, or David M. Trapp. To answer this question, it is necessary to determine whether any one of these entities was engaged in the sale of real estate to customers in the ordinary

---

1. Section 341(b)(3)(D) defines "Section 341 assets" to include property described in Section 1231(b) unless used in connection with the manufacture, etc., of property described in subparagraph (A) or (B). By virtues of this definition, shareholders were losing the benefits provided by Section 1231(b), which they would have had available if the property was held individually, due to the fact that the corporation held title to the property.

2. See 1958 U.S.Code Cong. & Admin.News, pp. 4791, 4820, for the legislative history of this subsection.

course of trade or business.[3] Although no evidence was introduced at trial from which the jury could have reasonably found that Mid-America Investments, Inc. or the plaintiff was engaged in the trade or business of dealing with real estate, there was evidence from which it could be inferred that David Trapp was engaged in the sale of real estate to customers in the ordinary course of trade or business and that, therefore, the subject property if held by him individually, would have generated ordinary income. Inasmuch as the statute [Section 341(e)(5)(A)] is written to "taint" the property if *any one* shareholder owning more than twenty (20) percent of the corporation's stock would be deemed to be in the trade or business of developing or selling real estate,[4] it cannot be said that the jury's verdict is contrary to the only reasonable interpretation of the evidence at trial. Thus, the plaintiff's motion should be overruled.

### ORDER

In conformity with the Court's Memorandum Opinion heretofore filed herein on November 21, 1978, as modified by the Supplemental Memorandum Opinion this date filed herein; IT IS NOW THEREFORE ORDERED AND ADJUDGED HEREIN AS FOLLOWS:

(1) The last two sentences of the Court's original Memorandum Opinion filed herein on November 21, 1978, and beginning at the bottom of Page 4 of said Memorandum Opinion and continuing on Page 5 thereof, are hereby ordered cancelled, set aside and held for naught.

(2) The plaintiff's motion for a judgment notwithstanding the verdict heretofore filed herein on March 14, 1978, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, is hereby sustained.

(3) That Judgment shall be entered for the plaintiff herein upon the issue heretofore submitted to the jury herein on November 17, 1978.

(4) The parties shall within thirty (30) days from the date of this Order prepare and submit to the Court a proposed Judgment reflecting the issues which have been resolved herein by agreement, stipulation or by Order of this Court. In the event that the parties are unable to agree as to the form and content of said Judgment, they shall certify said matter to the undersigned Judge of the Court who will thereupon assign said matter for hearing in the regular procedure of the Court.

### SUPPLEMENTAL MEMORANDUM OPINION

On November 21, 1978, the Court filed its Memorandum Opinion and separate Order herein overruling the plaintiff's Motion for a Judgment Notwithstanding the Verdict. Thereafter on December 15, 1978, the plaintiff filed a "Motion For Reconsideration of Court's Memorandum Opinion and Order Entered November 21, 1978." The plaintiff has filed a memorandum in support of said motion; the defendant on January 23, 1979, filed a document entitled "Government's Objection To Motion For Reconsideration of Court's Memorandum Opinion and Order Entered November 21, 1978"; the Court assigned same for oral argument on February 7, 1979, and having heard counsel in regard thereto took the motion under advisement.

---

3. A capital asset is defined in 26 U.S.C. § 1221 as

Property held by the taxpayer (whether or not connected with his trade or business), but does not include

(1) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer *primarily for sale to customers in the ordinary course of his trade or business.* (Emphasis added.)

4. Regs. § 1.341–6(b)(4) provides that if the corporation holds property similar to that held by the more-than-20 percent shareholder it becomes a Section 341 asset. In such a determination, all the facts and circumstances of the *direct and indirect activities* of the shareholder must be taken into account. Such a determination may be made even though the shareholder does not presently so hold property, if it can be said that if he did hold such property it would be for sale to customers in the ordinary course of his trade or business.

On Page 4 of the Memorandum Opinion dated November 21, 1978, the Court concluded as the basis for its ruling that ". . . there was evidence from which it could be inferred that David Trapp was engaged in the sale of real estate to customers in the ordinary course of trade or business and that, therefore, the subject property if held by him individually, would have generated ordinary income".

The Court has now examined the entire record and finds that the following instruction was given to the jury without objection upon the part of either party (Tr. of Record, P. 81):

"The mere fact that a person or corporation acquires property primarily for resale does not justify the conclusion that the property was held primarily for sale to customers in the ordinary course of a trade or business, or that such person or corporation was engaged in a trade or business of ordinarily selling to customers. (Tr. pg. 71)

\*   \*   \*   \*   \*   \*

"It is well settled that the question whether property sold by a taxpayer at a profit was property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, within the meaning of the statute, is essentially a question of fact. No single factor or test is dispositive. Among the factors considered are: (1) The purpose for which the property was acquired; (2) The purpose for which it was held; (3) Improvements and their extent, made to the property by the taxpayer; (4) Frequency, number and continuity of sales; (5) The extent and substantiality of the transactions; (6) The nature and extent of the taxpayer's business; (7) The extent of advertising to promote sales, or the lack of such advertising; and (8) Listing of the property for sale directly or through brokers.

"Obviously some of these factors are directed to determining whether property was held primarily for sale. Other factors obviously are directed to a determination of whether the taxpayer's activities in connection with the property constituted a trade or business.

"In determining whether the Vista Shores Apartments property was held by Mid-America Investments, Inc., or would have been held by the plaintiff, or David M. Trapp, primarily for sale to customers in the ordinary course of a trade or business on October 1, 1969, you are to consider the words 'primarily', 'customers' and 'ordinary' and the phrase 'trade or business' in their generally accepted meaning and are not to place upon them some artificially created meaning. These are statutory words and phrases, but they are to be construed in their ordinary meaning. (Tr. pg. 75–77)

\*   \*   \*   \*   \*   \*

"In determining whether the plaintiff, Leslie B. Combs, II, or Mr. Trapp was in a trade or business of selling property to customers, you may not attribute to them individually any trade or business activity that may have been conducted by a corporation of which either was a stockholder, unless such trade or business activity (1) was conducted by a corporation in which either owned more than a 20% interest and (2) was conducted within three years prior to October 1, 1969." (Tr. pg. 77–78)

The Court has further examined the Transcript of the Testimony of David Trapp given at the trial herein and finds that Mr. Trapp had the following real estate activities during the twenty years immediately preceding October 1, 1969:

1.   He purchased the house he was living in at the time of trial (Tr. p. 7).

2.   He purchased in 1965 and still owned at the time of the trial one apartment unit in a cooperative apartment complex located near the Vista Shares Apartments in Bal Harbor, Florida (Tr. pg. 7–8 and 14).

3.   He purchased in 1965 and sold in 1972 a 12% interest in some real estate located "on the belt line" in Lexington, Kentucky, which property was a bare piece of land when purchased and no improvements were made to the property while he owned an interest in it (Tr. pg. 8).

4.   He purchased in 1963 and sold in 1976 a 25% interest in a rental apartment build-

ing located on Alexandria Drive in Lexington, Kentucky (Tr. pg. 10).

The record does reflect that Mr. Trapp owned a 50% interest in the Pierson-Trapp Company which owned the Gardenside Shopping Center since 1952, and sold some 2000 to 3000 lots in the Gardenside Subdivision as they were developed. However, the record conclusively shows that during the period October 1, 1966, to October 1, 1969, the Pierson-Trapp Company did not buy or sell any real estate.

Upon examination of the record and reconsideration of the issues presented herein, the Court is of the opinion that there was no evidence introduced herein to indicate that Mid-America Investments, Inc., the plaintiff, Leslie B. Combs, II, or David Trapp was engaged in the sale of real estate to customers in the ordinary course of a trade or business within three years prior to October 1, 1969.

Moreover, there was no evidence introduced herein to indicate that either the plaintiff, Leslie B. Combs, II, or David Trapp held more than a 20% stockholder interest in any corporation engaged in a trade or business of selling property to customers within three years prior to October 1, 1969.

The plaintiff's motion for a judgment notwithstanding the verdict should therefore be sustained.

An appropriate Order will this day be entered in conformity with the Court's Memorandum Opinion heretofore filed herein on November 21, 1979, as amended by this Supplemental Memorandum Opinion this date filed herein.

### JUDGMENT

And Now, this 5th day of October, 1979, in accordance with issues resolved by agreement, stipulation and by order of the Court:

It Is Ordered that Judgment be and the same is hereby entered in favor of plaintiff, Leslie B. Combs, II, on plaintiff's claim, and against defendant, United States of America, in the amount of $34,089.76 (tax of $28,575.80 and deficiency interest of

$5,513.96) plus statutory interest in accordance with law together with costs, and

It Is Further Ordered that Judgment be and the same is hereby entered in favor of plaintiff, Leslie B. Combs, II, on defendant's counterclaim, and against defendant, United States of America, together with costs.